GREGORY, Circuit Judge,
dissenting:
I write only to address the question of whether misapplication of the law, as we now understand it, can constitute a due process violation that causes prejudice. In my view, it can, and I would affirm on that basis.
As the majority recognizes, “a conviction for second-degree assault under Maryland law can no longer qualify as an aggravated felony.” Maj. Op. 466. Nevertheless, “[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.” Rivers v. Roadway Exp., Inc., 511 U.S. 298, 312-13, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994). Thus, our decision in United States v. Royal, 731 F.3d 333 (4th Cir. 2013), did not “ehange[ ]” the meaning of Maryland’s second-degree assault offense; instead, we decided what the statute “had always meant.” See Rivers, 511 U.S. at 313 n.12, 114 S.Ct. 1510. And misapplication would constitute a due process violation. See United States v. Pallares-Galan, 359 F.3d 1088, 1100-01 (9th Cir. 2004).
As we have seen in recent decisions, the Supreme Court has questioned the constitutionality of a decades-long tough-on-crime mentality. E.g., Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015); Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The Court is also concerned with the implications that such decisions have on those who were convicted under the “old rules.” E.g., Welch v. United States, — U.S. -, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016); Montgomery v. Louisiana, — U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), as revised (Jan. 27, 2016).
“A man should never be ashamed to own he has been in the wrong, which is but saying, in other words, that he is wiser today than he was yesterday.” Alexander Pope, Thoughts on Various Subjects, reprinted in 5 Alexander Pope & William Roscoe, The Works of Alexander Pope, Esq. 377, 378 (1847). Although equally entitled to the constitutional protections of due process, Lopez-Collazo had the unfortunate fate of being sentenced in our “yesterday” in a way we now know to be improper. We should not leave him to suffer given our enlightenment today.
Accordingly, I would affirm the district court.